IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRISURA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>BIGHORN CONSTRUCTION AND RECLAMATION, LLC; BIGHORN INVESTMENTS AND PROPERTIES, LLC; BIGHORN SAND & GRAVEL LLC; BRIDGELINK COMMODITIES LLC; BRIDGELINK ENGINEERING LLC; BRIDGELINK INVESTMENTS, LLC; BRIDGELINK RENEWABLE ENERGY DEVELOPMENT LLC; BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC; INTERMOUTAIN ELECTRIC SERVICE, INC.; COLE WAYNE JOHNSON; CORD HENRY JOHNSON; CASSIE HAMILTON,<br><br>Defendants. | Civil Action No. 23-cv-11053<br><br>**COMPLAINT** |

Plaintiff, Trisura Insurance Company, by way of Complaint against defendants, Bighorn Construction and Reclamation, LLC, Bighorn Investments and Properties, LLC, Bighorn Sand & Gravel LLC, Bridgelink Commodities LLC, Bridgelink Engineering LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Cole Wayne Johnson, Cord Henry Johnson, and Cassie Hamilton, alleges as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

2. Venue and jurisdiction is also proper in the United States District Court for the Southern District of New York pursuant to the venue and jurisdiction provisions in the Indemnity Agreement (referenced below) executed by the Defendants.

**PARTIES**

3. Plaintiff, Trisura Insurance Company ("Trisura"), is a corporation organized and existing under the laws of the State of Oklahoma, and maintains its principal place of business in Connecticut.

4. Upon information and belief, Defendant Bighorn Construction and Reclamation LLC ("Bighorn Construction") is a Wyoming limited liability company with its principal place of business in Texas, and the members of Bighorn Construction are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bighorn Construction is a citizen of Texas for purpose of 28 U.S.C. § 1332.

5. Upon information and belief, Defendant Bighorn Investments and Properties, LLC ("Bighorn Investments") is a Wyoming limited liability company with its principal place of business located in Texas, and the members of Bighorn Investments are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bighorn Investments is a citizen of Texas for purpose of 28 U.S.C. § 1332.

6. Upon information and belief, Defendant Bighorn Sand & Gravel LLC ("Bighorn Sand") is a Delaware limited liability company with its principal place of business in Texas, and the sole member of Bighorn Sand is Bighorn Construction. The members of Bighorn Construction are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bighorn Sand is a citizen of Texas for purpose of 28 U.S.C. § 1332.

7. Upon information and belief, Defendant Bridgelink Commodities LLC ("Bridgelink Commodities") is a Delaware limited liability company organized and with its principal place of business in Texas, and, members of Bridgelink Commodities are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bighorn Sand is a citizen of Texas for purpose of 28 U.S.C. § 1332.

8. Upon information and belief, Defendant Bridgelink Engineering LLC ("Bridgelink Engineering") is a Delaware limited liability company with its principal place of business in Texas, and the members of Bridgelink Engineering are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bridgelink Engineering is a citizen of Texas for purpose of 28 U.S.C. § 1332.

9. Upon information and belief, Defendant Bridgelink Investments, LLC ("Bridgelink Investments") is a Texas limited liability company with its principal place of business in Texas, and the members of Bridgelink Investments are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bridgelink Investments is a citizen of Texas for purpose of 28 U.S.C. § 1332.

10. Upon information and belief, Defendant Bridgelink Renewable Energy Development LLC ("Bridgelink Renewable Energy Development") is a Delaware limited liability company with its principal place of business in Texas, and the members of Bridgelink Renewable Energy Development are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bridgelink Renewable Energy Development is a citizen of Texas for purpose of 28 U.S.C. § 1332.

11. Upon information and belief, Defendant Bridgelink Renewable Energy Investments LLC ("Bridgelink Renewable Energy Investments") is a Delaware limited liability

company with its principal place of business in Texas, and the members of Bridgelink Renewable Energy Investments are Cole Wayne Johnson and Cord Henry Johnson, both of whom are residents of Texas; accordingly, Bridgelink Renewable Energy Investments is a citizen of Texas for purpose of 28 U.S.C. § 1332.

12. Upon information and belief, Defendant Intermountain Electric Service, Inc. ("Intermountain") is a corporation organized and existing under the laws of the State of Wyoming and has its principal place of business in Texas.

13. Upon information and belief, Defendant Cole Wayne Johnson is an individual adult resident of Texas ("Cole Johnson").

14. Upon information and belief, Defendant Cord Henry Johnson is an individual adult resident of Texas ("Cord Johnson").

15. Upon information and belief, Defendant Cassie Hamilton is an individual adult resident of Texas ("Cassie Hamilton").

## GENERAL ALLEGATIONS

I. **THE INDEMNITY AGREEMENT**

16. Bridgelink Engineering, at all relevant times, was engaged in the engineering, procurement and construction business.

17. Bridgelink Engineering was required to provide surety bonds in connection with certain of its construction contracts.

18. On or about February 4, 2022, in consideration for and to induce Trisura, as surety, to issue certain surety bonds on behalf of Bridgelink Engineering, as principal, Bighorn Construction, Bighorn Investments, Bighorn Sand, Bridgelink Commodities, Bridgelink Investments, Bridgelink Renewable Energy Development, Bridgelink Renewable Energy

Investments, Intermountain, Cole Johnson, Cord Johnson, and Cassie Hamilton, (collectively, the "Indemnitors"), executed and delivered an Indemnity Agreement in favor of Trisura, as indemnitee.

19. A true and accurate copy of the Indemnity Agreement is annexed hereto as Exhibit A.

20. Pursuant to the Indemnity Agreement, the Indemnitors agreed:

INDEMNITY

Each of the Indemnitors shall indemnity and keep indemnified the Surety, against any and all losses, charges, expenses, costs, claims, demands and liabilities (hereinafter called "Indemnity Losses") of whatsoever kind or nature (including, but not limited to, the fees and disbursements of adjusters, consultants and counsel and the establishment or increase of a reserve to cover any possible Indemnity Loss) which the Surety may sustain or incur:

(a) by reason of having executed or procured the execution of any Bond(s) (or an allegation that the Surety should have done so), including, but not limited, Indemnity Loss incurred in making any investigation in connection with any Bond, prosecuting or defending any action in connection with any Bond, obtaining the release of any Bond; or
(b) by reason of the failure of the Indemnitors to perform or comply with the Agreement or any Bonding Facility; or
(c) in enforcing any of the covenants and conditions hereof.

Ex. A at ¶ 2.

21. Pursuant to the Indemnity Agreement, the Indemnitors further agreed:

SETTLEMENT OF CLAIMS

(a) The Surety shall have the sole right to pay, settle or compromise, without any prior obligation to notify the Indemnitors, any charge, expense, cost, claim, demand, suit, judgment or liability under any Bond(s), and any such payment, settlement or compromise shall be binding upon the Indemnitors and included as an Indemnity Loss.

(b) In the event of any such payment, settlement investigation or compromise by the Surety, an itemized statement thereof sworn to by any officer or authorized representative of the Surety, or the voucher(s), cancelled cheque(s) or other evidence of such payment, settlement or compromise, shall be prima facie evidence of the fact and amount of the liability of the Indemnitors under this Agreement in respect of such payment, settlement or compromise.

(c) In the event of any payment by the Surety, the Indemnitors agree that in any accounting between the Surety and the Indemnitors, the Surety shall be entitled to charge for any and all disbursements made by it in and about the matters contemplated by this Agreement.

Ex. A at ¶ 10.

22. Pursuant to the Indemnity Agreement, the Indemnitors further agreed:

GOVERNING LAW AND JURISDICTION

Each Indemnitor understands and agrees that the interpretation land enforcement of this Agreement shall be governed, construed, and interpreted in accordance with the laws of the State of New York, without giving effect to any conflicts of laws principles of that State or any other State or jurisdiction. Each Indemnitor further understands and agrees that the venue for any suit, action or proceeding, or otherwise refuses to exercise jurisdiction over any dispute that may arise, each Indemnitor further understands and agrees that the venue shall be in the federal courts for the State of New York unless any jurisdictional prerequisites are not met, in which case it will lie with the state courts of New York. Each Indemnitor irrevocably and unconditionally submits to the jurisdiction of said courts and waives any claim or defense in any such suit, action or proceeding based on any alleged lack of personal jurisdiction, improper venue, forum non conveniences, or any similar basis.

Ex. A at ¶ 28.

23. Under the Indemnity Agreement, the Indemnitors agreed:

DEFENSE-RESERVE-DEPOSIT

(b) Upon an Event of Default or determination by Surety that a potential for Indemnity Loss Exists, Surety may demand that Indemnitors deposit a sum or money equal to an amount

> determined by Surety, or collateral security of a type and value satisfactory to Surety, to cover any Indemnity Loss or anticipated Indemnity Loss, whether Surety has established or increased any reserve, made any Indemnity Loss payment, or received any notice of any claims therefor.  Without limiting the generality of the foregoing, if for any reason the Surety deems it necessary to establish or to increase a reserve (the amount of which shall be in the sole discretion of the Surety, as from time to time revised) to cover any possible Indemnity Loss (including, for greater certainty, the costs of investigating and defending any claim or demand and interest on the amount thereof at the rate or rates claimed on or applicable to such a demand, to the probably date of its resolution:, the Indemnitors shall deposit with the Surety immediately upon demand (and make such further deposits as may be required of) cash or collateral satisfactory to the Surety in an amount equal to such reserve or such increase.  The Indemnitors acknowledge that the failure of the Indemnitors to deposit with the Surety, immediately upon demand, the sum demanded by the Surety shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law, and that the Surety shall be entitled to injunctive relief (including specific performance of the obligation to make such deposit with the Surety), and hereby waive any claims or defenses to the contrary.

Ex. A at ¶ 9.

## II.     THE SOLAR CONTRACT AND THE SOLAR BONDS

24. On or about February 4, 2022, Jicarilla Solar 1, LLC ("Jicarilla Solar") entered into an agreement with Bridgelink Engineering pursuant to which Bridgelink Engineering agreed to perform certain work in connection with a solar power facility engineering, procurement and construction contract (the "Solar Contract").

25. On or about February 10, 2022, Trisura, as surety, on behalf of Bridgelink Engineering, as principal, issued a Performance Bond (the "Solar Performance Bond") and a Payment Bond (the "Solar Payment Bond"), each bearing Bond No. TIC01702, and each in the penal sum of $24,465,404.00 (collectively, the "Solar Bonds"), in favor of Repsol Renewables Development Company, LLC, as owner ("Owner"), as modified by Rider No. 1, in connection

with the Solar Contract. A copy of the Solar Bonds and Rider No. 1 are annexed hereto as **Exhibit B**.

### III. JICARILLA SOLAR DECLARES BRIDGELINK ENGINEERING IN DEFAULT ON THE JICARILLA SOLAR CONTRACT

26. On or about October 14, 2022, Jicarilla Solar provided Bridgelink Engineering and Trisura with Notice of Termination and for Contractor Default in connection with Solar Contract.

27. Further, Owner made demand on Trisura under the Solar Performance Bond.

### IV. THE INDEMNITORS FAIL TO POST COLLATERAL WITH TRISURA

28. On or about January 13, 2023, Trisura demanded that the Indemnitors post collateral with Trisura under the terms of the Indemnity Agreement in connection with the demand and claims asserted against the Solar Performance Bond. A copy of the collateral demand letter is annexed hereto as **Exhibit C**.

29. To date, the Indemnitors have failed to post this collateral with Trisura as required by the Indemnity Agreement.

### V. TRISURA'S LOSSES AND EXPENSES

30. As a result of the declaration of the Solar Contract in default and termination of Bridgelink Engineering, Trisura was required to make payments to the Owner to complete the Solar Contract pursuant to the Solar Performance Bond.

31. By reason of Trisura having executed the Bonds, the failure of the Indemnitors to perform or comply with this Indemnity Agreement and/or Trisura's enforcing any of the covenants and conditions of the Indemnity Agreement, Trisura has paid, sustained, or incurred Indemnity Losses (as that term is defined in the Indemnity Agreement) in an amount exceeding $75,000.00.

**FIRST CAUSE OF ACTION**

**CONTRACTUAL INDEMNIFICATION**

**AGAINST THE INDEMNITORS**

32. Trisura repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

33. The Indemnitors have failed to honor, and have breached, their obligations under the Indemnity Agreement to, among other things, indemnify Trisura for the Indemnity Losses it incurred by reason of having executed the Bonds, the failure of the Indemnitors to perform or comply with the Indemnity Agreement, and/or Trisura's enforcing of any of the covenants and conditions of the Indemnity Agreement.

34. As a result of the Indemnitors' breach of the Indemnity Agreement, Trisura has incurred substantial Indemnity Losses.

**WHEREFORE**, Trisura respectfully demands judgment against the Indemnitors, jointly and severally, as follows:

(a) for contractual indemnification for the Indemnity Losses incurred by Trisura, and any and all liability, loss, cost, expense, professional and consulting fees and attorneys' fees to be incurred by Trisura, together with appropriate interest thereon;

(b) for declaratory relief, declaring that the Indemnitors are jointly and severally liable to Trisura for all Indemnity Losses to which Trisura may be exposed or which it may sustain;

(c) for an order, compelling each Indemnitor to perform its obligations to Trisura under the Indemnity Agreement and the Bonds; and

(d) awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable.

## SECOND CAUSE OF ACTION

### COMMON LAW INDEMNIFICATION
### AGAINST BRIDGELINK ENGINEERING

35. Trisura repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

36. As between Trisura and Bridgelink Engineering, Trisura is secondarily obligated under the Bonds, while Bridgelink Engineering is primarily obligated under the Bonds, and otherwise owes a duty to Trisura to procure the discharge of all obligations arising under the Bonds.

37. Based on the foregoing, Bridgelink Engineering should be required to pay any financial obligations related to the Bonds issued by Trisura on behalf of Bridgelink Engineering.

38. Trisura has sustained and/or will sustain damages by reason of Bridgelink Engineering's failure to honor its common law obligations arising under the Bonds.

**WHEREFORE**, Trisura respectfully demands judgment against Bridgelink Engineering as follows:

(a) ordering Bridgelink Engineering to discharge any financial obligations asserted against Trisura under the Bonds, and to reimburse Trisura for any outlays which it may have had to make in connection therewith;

(b) ordering and directing Bridgelink Engineering to immediately reimburse Trisura in an amount sufficient to indemnify Trisura from any and all liability, loss, cost and expense incurred as a result of having executed the Bonds, together with appropriate interest thereon;

(c)   awarding in favor of Trisura, and against Bridgelink Engineering, damages in the amount of all expenditures, and outlays made by Trisura, including attorneys' fees, consultant's fees, litigation expenses, interest and court costs; and

(d)   awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable.

**THIRD CAUSE OF ACTION**
**SUBROGATION AGAINST BRIDGELINK ENGINEERING**

39.   Trisura repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

40.   To the extent that Trisura has, or will make, payments to extinguish Bridgelink Engineering's debts arising from the Bonds, Trisura has, and will, become subrogated to the rights of, among others, those whom it has paid, or will pay in connection with the Bonds.

41.   As a result of Bridgelink Engineering's failure to honor its obligations under the Bonds, Trisura has sustained damages and/or is likely to sustain damages.

**WHEREFORE**, Trisura respectfully demands judgment against Bridgelink Engineering as follows:

(a)   for subrogation in an amount equal to any payment made, or hereafter made, by Trisura on Bridgelink Engineering's behalf in connection with any bond issued by Trisura to Bridgelink Engineering;

(b)   for attorneys' fees and costs of suit; and

(c) for such other and further relief, legal or otherwise that this Court may deem just and proper.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
*Attorneys for Plaintiff,*
*Trisura Insurance Company*

Dated:  December 20, 2023

By:_____
John W. Morris
Adam R. Schwartz
Dennis O'Neil Cowling
225 Liberty Street, 36th Floor
New York, New York 10281
(212) 483-9490
jmorris@mdmc-law.com
aschwartz@mdmc-law.com
dcowling@mdmc-law.com