UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRISURA INSURANCE COMPANY,

        Plaintiff,

–against–

BIGHORN CONSTRUCTION AND RECLAMATION, LLC; BIGHORN INVESTMENTS AND PROPERTIES, LLC; BIGHORN SAND & GRAVEL LLC; BRIDGELINK COMMODITIES LLC; BRIDGELINK ENGINEERING LLC; BRIDGELINK INVESTMENTS, LLC; BRIDGELINK RENEWABLE ENERGY DEVELOPMENT LLC; BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC; INTERMOUTAIN ELECTRIC SERVICE, INC.; COLE WAYNE JOHNSON; CORD HENRY JOHNSON; CASSIE HAMILTON,

        Defendants.
---------------------------------------------------------------X

Civil Action No. 1:23-cv-11053-GWH-JW

**AFFIRMATION IN SUPPORT OF REQUEST FOR <u>CERTIFICATES OF DEFAULT</u>**

STATE OF NEW YORK    )
                                 ) .ss.:
COUNTY OF NEW YORK  )

        DENNIS O'NEIL COWING, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

        1.      I am an attorney duly admitted to practice law before the courts of the State of New York and this Court. I am Of Counsel to the law firm McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for Plaintiff, Trisura Insurance Company ("Trisura").

        2.      I make this affidavit in support of Trisura's application for the Clerk's entry of Certificates of Default with respect to certain Defendants herein.

        3.      This action was commenced on December 22, 2023 with the filing of a complaint

and the issuance of a summons. Thereafter, on January 10, 2024 a copy of an amended complaint was filed, which modified the Plaintiff's principal place of business to Oklahoma. Only some defendants were served with the complaint prior to its amendment, but they were almost immediately re-served with the summons and amended complaint and additional defendants were also served with just the summons and amended complaint. I have not filed any affidavits of service of the initial, superseded complaint because it was irrelevant by the time those affidavits of service were received.

4. This action was commenced pursuant to an Indemnity Agreement entered into by Plaintiff and the Defendants as indemnitors of the Plaintiff.

5. The time for defendants, Bighorn Construction and Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Cord Henry Johnson; and Cassie Hamilton to answer or otherwise move with respect to the amended complaint herein has expired.

6. Defendant(s) Bighorn Construction and Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Cord Henry Johnson; and Cassie Hamilton, have not answered or otherwise moved with respect to the complaint, and the time for defendant(s) Defendant(s) Bighorn Construction and Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink

Renewable Energy Investments LLC; Cord Henry Johnson; and Cassie Hamilton to answer or otherwise move has not been extended.

7.      Defendants Bighorn Construction and Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Cord Henry Johnson; and Cassie Hamilton are not infants or incompetent.

8.      Defendants Bighorn Construction and Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Cord Henry Johnson; and Cassie Hamilton are not presently in the military service of the United States as appears from facts in this litigation.

WEREFORE, plaintiff Trisura Insurance Company requests that the default of Bighorn Construction and Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Cord Henry Johnson; and Cassie Hamilton, defendants, be noted and a certificate of default issued against each of the aforesaid defendants.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due to plaintiff, and that no part thereof has been paid.

Dated: New York, New York
February 29, 2024

*/s/ Dennis O'Neil Cowling*
DENNIS O'NEIL COWLING
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
225 Liberty Street, 36th Floor
New York, New York 10281
(212) 483-9490
dcowling@mdmc-law.com