```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRISURA INSURANCE COMPANY,

                    Plaintiff,                              Civil Action No. 1:23-cv-11053-GWH-JW

        –against–

BIGHORN CONSTRUCTION AND                        AFFIRMATION IN SUPPORT OF
RECLAMATION, LLC; BIGHORN                       MOTION FOR ADDITIONAL TIME
INVESTMENTS AND PROPERTIES, LLC;                TO SERVE THE SUMMONS
BIGHORN SAND & GRAVEL LLC;                      AND AMENDED COMPLAINT
BRIDGELINK COMMODITIES LLC;                     ON TWO DEFENDANTS
BRIDGELINK ENGINEERING LLC;
BRIDGELINK INVESTMENTS, LLC;
BRIDGELINK RENEWABLE ENERGY
DEVELOPMENT LLC; BRIDGELINK
RENEWABLE ENERGY INVESTMENTS LLC;
INTERMOUTAIN ELECTRIC SERVICE, INC.;
COLE WAYNE JOHNSON; CORD HENRY
JOHNSON; CASSIE HAMILTON,

                    Defendants.
---------------------------------------------------------------X
```

STATE OF NEW YORK     )
                      ) .ss.:
COUNTY OF NEW YORK    )

DENNIS O'NEIL COWING, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I am an attorney duly admitted to practice law before the courts of the State of New York and this Court. I am Of Counsel to the law firm McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for Plaintiff, Trisura Insurance Company ("Trisura").

2. I make this affirmation in support of Trisura's application for additional time to serve the Summons and Amended Complaint in this action on Cole Wayne Johnson ("Cole") and Intermountain Electric Service, Inc. ("Intermountain") pursuant to Rule 4(m) of the Federal Rules

of Civil Procedure for an additional ninety (90) days.

    a. Numerous attempts to serve Mr. Johnson by the rules as to service of process on an individual under Rule 4 of the Federal Rules of Civil Procedure, Section 308 of the New York Civil Practice Law and Rules and Rule 106 of the Texas Rules of Civil Procedure have been made, but he has not cooperated in those attempts.

    b. Several efforts to serve Corporate Service Company ("CSC") as Registered Agents for Intermountain Electric Service, Inc. ("Intermountain") in Texas and Wyoming have been made. As set forth herein, additional services were sent to CSC indicating the services were directed to Intermountain to cure CSC's objection, but it is too early to know whether CSC will find additional reasons to reject service.

3. The Summons and Amended Complaint in this action were filed respectively as follows. The Summons was filed and issued on December 22, 2023. The Amended Complaint was filed on January 10, 2024. (Copies of the Summons and Amended Complaint (collectively "Complaint") accompany this affirmation as Exhibit "1."

4. Trisura files this motion before the expiration of the 90-day time period within which service is to be effectuated, which at the earliest is on March 21, 2024 the date ninety (90) days after the date of the filing of the original Complaint and request for a Summons on December 20, 2024. The original Complaint filed was rejected for a filing error and was also subsequently amended and refiled. The initial Summons was issued by the Clerk's Office on December 22, 2023.

5. The operative, Amended Complaint was filed on January 10, 2024, and the 90-day time-period from that date would expire on April 9, 2024. The Summons, Amended Complaint, Civil Cover Sheet and Amended or Supplemental Rule 7.1 Statement ("Summons and Amended

Complaint") were sent to process servers for service on Defendants. It is respectfully requested that the Court extend Trisura's time to serve Defendants Cole and Intermountain with the Summons and Amended Complaint for a reasonable time in the event that either of them is not otherwise served before expiration of the ninety (90) days provided for in Rule 4(m).

6. All of the Defendants have been served with the Summons and Complaint, except Cole and possibly Intermountain. The affidavits of service on the other Defendants have been filed in PACER as ECF Doc. Nos. 11-27, and Clerk's Certificates of Default have been entered against them. (See ECF Doc. Nos. 39-48 on the Docket sheet in the accompanying Exhibit "2.")

<u>Attempts to Serve Cole Wayne Johnson</u>

7. With respect to Cole Wayne Johnson ("Cole"), he is and/or was an officer, director, manager and/or organizer of all of the business entity Defendants herein and so identified in the corresponding exhibits containing pertinent pages obtained from Texas and Wyoming Secretary of State Offices. Some of the addresses where service was attempted on Cole are also those of his businesses. Before discussing the service attempts on Cole, his position with and the addresses of his businesses and/or addresses he furnished to public officials and/or Trisura are provided as background to the places where service was attempted on Cole so far. For convenience, the pertinent company's filings with the Texas and Wyoming Secretaries of State are provided in the separate Exhibits identified below. It is believed receipt of the service papers by the registered agents of those businesses undoubtedly made Cole aware of Plaintiff's action against him and its efforts to serve him.

    a. <u>Bighorn Construction and Reclamation LLC</u> was organized in Wyoming and identified as having an address in Douglas, Wyoming. Cole is identified as a Manager of this Defendant. (Exhibit "3" hereto from the Texas Secretary of State).

3

A Clerk's Certificate of Default has been entered against this Defendant at ECF Doc. No. 39.

b. Bighorn Investments and Properties, LLC was organized in Wyoming and identified as having an address in Douglas, Wyoming as well as a mailing address at 777 Main Street, Suite 2800, Fort Worth, Texas. Cole is identified as an organizer of this Defendant. (Exhibit "4" hereto from the Wyoming Secretary of State). A Clerk's Certificate of Default has been entered against this Defendant at ECF Doc. No. 40.

c. Bighorn Sand & Gravel LLC was organized in Delaware and identified as having an address at 777 Main Street, Suite 2800, Fort Worth, Texas. Cole is identified as Chairman of this Defendant with the same address. (Exhibit "5" hereto from the Texas Secretary of State). A Clerk's Certificate of Default has been entered against this Defendant at ECF Doc. No. 41.

d. Bridgelink Commodities LLC was organized in Delaware and identified as having an address at 777 Main Street, Suite 2800, Fort Worth, Texas. Cole is identified as Chairman of this Defendant. (Exhibit "6" hereto from the Texas Secretary of State). A Clerk's Certificate of Default has been entered against this Defendant at ECF Doc. No. 42.

e. Bridgelink Engineering LLC was organized in Delaware and identified as having an address at 306 W. Wall Street, Suite 500, Midland, Texas. Cole is identified as CEO and President of this Defendant with an address at 777 Main Street, Suite 2800, Fort Worth, Texas.  (Exhibit "7" hereto from the Texas Secretary of State). A Clerk's Certificate of Default has been entered against this Defendant at ECF

Doc. No. 43.

f.  <u>Bridgelink Investments LLC</u> was organized in Texas and identified with an address at 777 Main Street, Suite 3000, Fort Worth, Texas. Cole is identified as Member and Director of this Defendant with an address at 306 W. Wall Street, Suite 500, Midland, Texas. (Exhibit "8" hereto from the Texas Secretary of State). A Clerk's Certificate of Default has been entered against this Defendant at ECF Doc. No. 44.

g.  <u>Bridgelink Renewable Energy Development LLC</u> was organized in Delaware and identified as having an address at 777 Main Street, Suite 2800, Fort Worth, Texas. Cole is identified as Chairman of this Defendant at the same address. (Exhibit "9" hereto from the Texas Secretary of State). A Clerk's Certificate of Default has been entered against this Defendant at ECF Doc. No. 45.

h.  <u>Bridgelink Renewable Energy Investments LLC</u> was organized in Delaware and identified with an address at 777 Main Street, Suite 2800, Fort Worth, Texas. Cole is identified as Chairman of this Defendant at the same address. (Exhibit "10" hereto from the Texas Secretary of State). A Clerk's Certificate of Default has been entered against this Defendant at ECF Doc. No. 46.[1]

i.  <u>Intermountain Electric Service, Inc.</u> was formed in Wyoming with a Wyoming address. Cole is identified as President/Director of this Defendant. Cole's address with respect to this Defendant is at 1301 Old Tin Top Road, Weatherford, Texas. In addition, a Registered Agent is identified by both the Wyoming and Texas Secretary of State's offices. Wyoming identifies Intermountain's Registered Agent as Corporation Service Company, 1821 Logan Avenue, Cheyenne, Wyoming and

---

[1] Clerk's Certificates of Default have also been entered against Cole Wayne Johnson's brother and sister-in-law at ECF Doc. Nos. 47-48.

Texas identifies Intermountain's Registered Agent as Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas. Ongoing efforts to serve Intermountain will be discussed after discussing efforts to serve Cole. (Exhibit "11" hereto are filings from the Wyoming and Texas Secretary of State).

8. Accompanying this affirmation as Exhibit "12"–"24" are true copies of the Affidavits of Non-Service and/or partial service on Cole sworn to on the dates indicated that are available at the time of writing.

    a. Service was attempted on Cole at <u>4204 S. County Road 1128, Midland, Texas 79706</u>. This address was given by Defendant Cole on the execution page of his Indemnity Agreement. (Exhibit A to Exhibit "1," Doc. No. 9-1, page 20 of 22.) Process was initially attempted to be served on January 12 and 13, 2024, but the process server advised that there is no such street number, 4204, on S. County Road 1128 (contained in Exhibit "12" hereto). A follow-up service was attempted at that address by a different process server more familiar with the area who located the house, spoke to the current owner, Eileen, and was "informed that she purchased the property 3 years ago from Cole Wayne Johnson." (The relevant affidavits of non-service are collected in Exhibit "12" hereto.) That would mean she purchased 4204 S. County Road 1128 in Midland, Texas in 2021, one year before Cole signed his Indemnity Agreement with Trisura giving that address as his address. (Compare Cole's execution page to the Indemnity Agreement, Exhibit A to Exhibit "1," Doc. No. 9-1, page 20 of 22 to the Affidavit of Attempted Service sworn to on March 6, 2024 in Exhibit "12.")

    b. Service was attempted on Cole at <u>63 Maple Drive, Douglas, Wyoming</u>

82633 on January 16, 2024. This was a recent address located in People Search for Cole and was thought to relate to his Wyoming businesses identified in ¶¶ 11(a), (b) and (i) above. The process server dispatched to serve Cole at this address was advised by the current female resident that she brought the property from Cole in 2020 and believed he moved to Texas. (The pertinent pages of the People Search document and the affidavit of non-service are contained in Exhibit "13" hereto.)

    c.   Service was attempted on Cole at 306 W. Wall Street, Suite 500, Midland, Texas 79701 on January 19, 2024. This was the address for Cole's businesses identified in ¶¶ 11(e) and (f) above. This was also Cole's personal address given to the Texas Secretary of State as a Member and Director of Bridgelink Investments, LLC identified in ¶ 11(e). The process server advised that Suite 500 of 306 W. Wall Street, comprising the entire floor at that address, was under construction when he attempted service and, therefore, was unable to serve Cole. (The affidavit of non-service is contained in Exhibit "14" hereto.)

    d.   Service was attempted on Cole at 777 Main Street, Suite #3000, Fort Worth, Texas 76102 on February 16, 2024. This was the address for Bridgelink Commodities LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC and Bridgelink Renewable Energy Investments LLC provided to Trisura in the Indemnity Agreement (Exhibit A to Exhibit "1" hereto, Doc. No. 9-1, pages 14, 16, 17 and 18 of 22). This was also the address for Bridgelink Investments LLC (¶ 11(f)) and the address posted online for Bridgelink Investments, as advertised by Cole. The process server advised that a key fob was needed to gain entrance onto the 30th floor (*i.e.* exit the elevator). The building's security and property manager told the process

server that the tenants have a clause in their lease to not allow anyone up without a specific key fob for floor access. (A copy of the internet online posting relating to Cole's advertising of Bridgelink Investments location as Suite 3000 at 777 Main Street and his position as President at that address and the affidavit of non-service at Suite 3000 are contained in Exhibit "15" hereto.)

 e. Service was attempted on Cole at <u>777 Main Street, Suite #2800, Fort Worth, Texas 76102</u> on March 1, 2024. This was the address of Bighorn Construction and Reclamation, LLC, Bighorn Investments and Properties, LLC, Bighorn Sand & Gravel LLC and Bridgelink Engineering LLC provided to Trisura in the Indemnity Agreement. (Exhibit A to Exhibit "1," Doc. No. 9-1, pages 11, 12, 13 and 15 of 22). This was also the address Cole's businesses identified in ¶¶ 11(c), (d), (g) and (h) given to the Texas Secretary of State and the mailing address for Bighorn Investments and Properties (¶11(b)) given to the Wyoming Secretary of State. The process server advised that Suite 2800 is vacant and took pictures of the Suite that are annexed to his affidavit of non-service. His affidavit identified a telephone number to call if in need of assistance, which he called and left a message, but did not receive a return call. (The affidavit of non-service at that address and Suite number and images are contained in Exhibit "16" hereto.)

 f. Service was attempted on Cole at <u>1301 Old Tin Top Road, Weatherford, Texas 76087</u> on January 30, 2024 at 3:22 p.m., February 2, 2024 at 1:50 p.m., February 14, 2024 at 12:50 p.m., February 17, 2024 at 11:05 a.m. and February 19, 2024 at 7:21 p.m. This is the address for Cole as President and Director of Intermountain set forth in the Wyoming Secretary of State's Filing Information for Intermountain dated

September 13, 2023 and in Intermountain's Annual Report to the Wyoming Secretary of State dated July 1, 2023. The process server advised that there is a call box and locked gate at the property at the driveway. The server also stated that the gate is locked and there was no answer on the call box to gain access. (The affidavit of non-service at that address together with photo images provided by the process server are contained in Exhibit "17" hereto. Additional images of the house on the property at that address were obtained from the Land.com site and are also contained in Exhibit "17.") Please note the Land.com captured image advises that the house is "off market."

g. Service was also attempted on Cole at <u>1301 Old Tin Top Road, Weatherford, Texas 76087</u> on February 21, 2024 by a Certified Mailing with Return Receipt Requested and a Registered Mailing with Return Receipt Requested both with Tracking numbers as set forth in the accompanying Affidavit of Service (Exhibit "18" hereto). Texas Rules of Civil Procedure Rule 106(a)(2)[2] permits certified or registered mailing, return receipt requested, as an approved method of service. Under court interpretation of the Texas Rule, however, a signature for receipt on the return receipt is required. The process server has not reported receipt of the return receipts to confirm whether service was successful. (A copy of the mailing affidavit of service together with photo images of the mailings prepared by the process server are contained in Exhibit "18" hereto.) USPS Tracking updates included in Exhibit "18" indicate delivery and redelivery have been attempted, but have not been successful so far.

---

[2] Texas Rule of Civil Procedure 106(a)(2), which is a method of service permitted under Fed. R. Civ. P. Rule 4, provides in part:
>   (a) Unless the citation or court order otherwise directs, the citation must be served by:
>   * * *
>   (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

9

### Attempted Services on Intermountain Electric Service, Inc.

9. An initial service on Intermountain was made by delivering a copy of the Summons and Amended Complaint to Intermountain's Registered Agent in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas on January 12, 2024. (A copy of the affidavit of service on that Registered Agent is contained in Exhibit "19" hereto; see ¶ 11(i) and the Exhibit thereto regarding Intermountain's Registered Agents.)

10. However, on or about January 25, 2024, almost two weeks after that service, the Firm received a letter from CSC rejecting the service in Texas. (A copy of that CSC rejection letter is contained in Exhibit "20.") I understood the rejection related to the service on Intermountain after speaking to a representative of CSC and because of all of the Defendants, CSC was only a Registered Agent for Intermountain.

11. Intermountain was again served with the Summons and Amended Complaint by delivering a copy to Intermountain's Registered Agent in Wyoming, Corporation Service Company, 1821 Logan Avenue, Cheyenne, Wyoming on February 6, 2024. (A copy of the affidavit of service on that Registered Agent, subsequently filed as ECF Doc. No. 13 on February 22, 2024, is contained in Exhibit "21" hereto; see ¶ 11(i) above and the Exhibit thereto regarding Intermountain's Registered Agents.) It was filed in anticipation of requesting a Clerk's Certificate of Default when Intermountain's time to answer had expired a few days later on February 27, 2024. (See Exhibit "2," hereto the Docket containing the filing information as to that affidavit of service as item 13.)

12. Subsequently, however, that service of the Summons and Amended Complaint on Intermountain was also rejected by CSC by letter received by the Firm on or about February 26,

2024, almost three weeks after the second service on CSC. (A copy of that letter from CSC accompanies as Exhibit "22," hereto) In that letter, CSC more clearly explained its objection to the service, which was that "the legal process MUST specifically indicate which party is being served."

13. After receipt of the second letter, efforts were immediately undertaken to cure CSC's objection to the service it received. As more fully discussed in my follow up service of another copy of the Summons and Amended Complaint as set forth in my "Affirmation of Service on Registered Agent" dated March 9, 2024 and filed as ECF Doc. No. 49 –49-7, wherein an effort is made to explain and make clear to the CSC Registered Agent in Wyoming that the service was being made on Intermountain. (A copy of that Affirmation of Service and the Exhibits thereto accompanies this Affirmation as Exhibit "23.") The Court is respectfully referred to that Exhibit and/or the filed version for a more complete recitation of that effort to cure service on Intermountain through the Wyoming CSC. In that affirmation of service, I discussed speaking with a representative of CSC who confirmed that CSC accepted service of papers by Federal Express. (See Exhibit "23," Cowling Affirmation ¶ 9, ECF Doc. No. 49.) CSC received this Federal Express package on February 28, 2024. (See Exhibit 3 to Exhibit "24," ECF Doc No. 49-5.)

14. Also upon receipt of the second CSC letter rejecting service in Wyoming, an earlier version of my cover letter, together with a copy of the Wyoming Secretary of State, Business Division's Filing Information, and the Summons and Amended Complaint clearly identifying Intermountain Electric Service Inc. as the intended Defendant being served, and CSC's office at 1821 Logan Avenue in Cheyenne, Wyoming as Intermountain's Registered Agent (see Exhibit "11" or Exhibit 2-A to Exhibit "23," above, ECF Doc. No. 49-3) were compiled and served on CSC. The Summons was also annotated to clearly specify that Intermountain was the Defendant

11

for whom the Summons and Amended Complaint was intended. (A copy of the follow up affidavit of service on CSC as Registered Agent for Intermountain, sworn to on February 28, 2024, together with the annotated Summons identifying Intermountain as the intended Defendant is filed as ECF Doc. No. 50 and is Exhibit "24," hereto.)

15. Given the evident delays in receiving rejection letters from CSC, it cannot be anticipated whether CSC will object to these further services after expiration of the current 90-day period. Trisura respectfully requests that the Court grant it additional time to continue its efforts to serve Defendants Cole and Intermountain if necessary.

16. It is respectfully requested that additional time be granted for Trisura to effect service on Cole Wayne Johnson and Intermountain Electric Service, Inc. for an additional ninety (90) days under the circumstances.

17. No prior request has been made for the relief requested herein.

**WHEREFORE**, Trisura respectfully requests that this motion for additional time to serve the summons and complaint on Cole Wayne Johnson and Intermountain Electric Service, Inc. be granted, together with such other and further relief as this Court may deem just and proper.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: March 15, 2024    　　　　　*/s/ Dennis O'Neil Cowling*
　　　　　　　　　　　　　　　　　DENNIS O'NEIL COWLING
　　　　　　　　　　　　　　　　　McElroy, Deutsch, Mulvaney & Carpenter, LLP
　　　　　　　　　　　　　　　　　*Attorneys for Defendant Trisura Insurance Company*
　　　　　　　　　　　　　　　　　225 Liberty Street, 36th Floor
　　　　　　　　　　　　　　　　　New York, New York 10281
　　　　　　　　　　　　　　　　　(212) 483-9490
　　　　　　　　　　　　　　　　　DCowling@mdmc-law.com