UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TRISURA INSURANCE COMPANY,

               Plaintiff,

        –against–

BIGHORN CONSTRUCTION AND
RECLAMATION, LLC; BIGHORN
INVESTMENTS AND PROPERTIES, LLC;
BIGHORN SAND & GRAVEL LLC;
BRIDGELINK COMMODITIES LLC;
BRIDGELINK ENGINEERING LLC;
BRIDGELINK INVESTMENTS, LLC;
BRIDGELINK RENEWABLE ENERGY
DEVELOPMENT LLC; BRIDGELINK
RENEWABLE ENERGY INVESTMENTS LLC;
INTERMOUTAIN ELECTRIC SERVICE, INC.;
COLE WAYNE JOHNSON; CORD HENRY
JOHNSON; CASSIE HAMILTON,

               Defendants.
-------------------------------------------------------------X

Civil Action No. 1:23-cv-11053-GWH-JW

---

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY TRISURA INSURANCE COMPANY FOR ADDITIONAL TIME TO SERVE THE SUMMONS AND AMENDED COMPLAINT ON TWO DEFENDANTS**

---

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

ARGUMENT ................................................................................................................. 2

POINT I .......................................................................................................................... 2

IT IS RESPECTFULLY REQUESTED THAT THE COURT
REASONABLY EXTEND THE TIME IN WHICH PLAINTIFF
MUST SERVE THE DEFENDANTS COLE WAYNE JOHNSON
AND INTERMOUNTAIN ELECTRIC SERVICE, INC. WITH
THE SUMMONS AND AMENDED COMPLAINT ................................................. 2

CONCLUSION .............................................................................................................. 3

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Pages**

*Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007) ............................................................2

**Statutes**

Fed. R. Civ. P. Rule 4(m)............................................................................................................2

**Other Authorities**

Advisory Committee Notes to Fed. R. Civ. P. 4(m) ................................................................ 2-3

# PRELIMINARY STATEMENT

This is an indemnity action by a surety, Plaintiff Trisura Insurance Company ("Trisura"), against the Defendant indemnitors. Clerk's Certificates of Default have been entered against 10 of the 12 Defendants who have already been served. This motion requests an additional 90 days (or whatever amount of time the Court considers appropriate) to serve Defendant Cole Johnson and if necessary reserve Defendand Intermountain Electric Service, Inc. ("Intermountain") pursuant to Fed. R. Civ. P. Rule 4(m).

# STATEMENT OF FACTS

The Summons and Amended Complaint in this action were filed respectively as follows. The Summons was filed and issued on December 22, 2023. The Amended Complaint was filed on January 10, 2024. (Copies of the Summons and Amended Complaint (collectively "Complaint") accompany the Affirmation of Dennis O'Neil Cowling dated March 15, 2024 ("Cowling Affirmation") as Exhibit "1."

To induce Trisura to issue the surety bonds and in consideration for issuing those bonds, Bridgelink Engineering LLC and the other Defendants executed and delivered an Indemnity Agreement in favor of Trisura as indemnitee. (Doc. No. 9, Exhibit "1," Complaint ¶¶ 16-23. see Doc No. 9-1, Exhibit A to Exhibit "1.") As set forth in the Complaint, Trisura has incurred loss and expenses for which the indemnitors are obligated to indemnify Trisura under the terms of the indemnity agreement. (See Exhibit "1" ¶¶ 19-41.)

This action was brought in this Court because all of the Defendants as Indemnitors agreed in paragraph 28 of the Indemnity Agreement that New York law applied and venue was proper in

the federal courts for the State of New York. (Exhibit A to Complaint Exhibit "1" hereto, Doc. No. 9-1.) Clerk's Certificates of Default have been entered against 10 of the 12 Defendants who have already been served.

## ARGUMENT

### POINT I

**IT IS RESPECTFULLY REQUESTED THAT THE COURT REASONABLY EXTEND THE TIME IN WHICH PLAINTIFF MUST SERVE THE DEFENDANTS COLE WAYNE JOHNSON AND INTERMOUNTAIN ELECTRIC SERVICE, INC. WITH THE SUMMONS AND AMENDED COMPLAINT**

Federal Rules of Civil Procedure Rule 4(m) provides in pertinent part as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period….

In this instance, where good cause is shown pursuant to Rule 4(m), the rule requires the court to extend the time for service. "If the plaintiff shows good cause for failure [to timely effect proper service], the court shall extend the time for service for an appropriate period." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (finding that under the second clause of Rule 4(m) that an extension is always warranted upon a showing of good cause, because the rule commands that "an appropriate" extension "must" be granted upon such a showing.). In addition, the Second Circuit also has made clear that "district courts have discretion to grant extensions even in the absence of good cause." *Zapata*, 502 F.3d at 196-97. A ground for good cause identified in the Advisory Committee Notes to Fed. R. Civ. P. 4(m) is "if the defendant is evading

2

service or conceals a defect in attempted service. *E.g.*, *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987)." Advisory Committee Notes to Fed. R. Civ. P. 4(m).

Here, all of the defendants have been served, except Cole Wayne Johnson. The possibility of another rejection of the follow-up services on Intermountain Electric Service, Inc. cannot yet be determined, so as a prophylactic measure, additional time to reserve Intermountain if necessary is also requested. It is respectfully submitted that there has been reasonable diligence in seeking to effect service on Cole Johnson at six different locations over the period from January 12 through March 6, 2024, plus separate mailings by certified and registered mail. (Cowling Affirmation, ¶¶ 11-12). There were also two different in-person service attempts at 4204 South County Road 2024, Midland, Texas the address Cole gave to Trisura when signing Trisura's Indemnity Agreement under oath and five different in-person attempts at his address given to the Wyoming Secretary of State in September 2023, 1301 Old Tin Top Road, Weatherford, Texas, plus the mailings to that address.

The request for additional time to serve Intermountain Electric Service, Inc. as a prophylactic measure is to avoid delay in the event that corporation's registered agent belatedly rejects the follow-up services pointedly instructing that service was being made on Intermountain. The recent services on the registered agent both occurred on February 28, 2024. (Cowling Affirmation ¶¶ 17-18, Exhibits 23-24 and Exhibit 2, ECF Doc. Nos. 49 and 50.)

No previous request has been made for the relief requested herein.

## CONCLUSION

For all the foregoing reasons, Trisura Insurance Company respectfully requests that this motion for an additional ninety (90) days to serve the summons and complaint on Cole Wayne Johnson and,

3

if necessary, Intermountain Electric Service, Inc. be granted , together with such other and further relief as the Court may deem just and proper.

<table>
<tr><td>Dated: New York, New York<br>March 15, 2024</td><td>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>*Attorneys for Defendant Trisura Insurance Company*<br><br>By:    /s/ *Dennis O'Neil Cowling*<br>       John W. Morris<br>       Dennis O'Neil Cowling<br>225 Liberty Street, 36th Floor<br>New York, New York 10281<br> (212) 483-9490<br>JMorris@mdmc-law.com<br>DCowling@mdmc-law.com</td></tr>
</table>