# McElroy Deutsch

225 Liberty Street
36th Floor
New York, NY 10281
**T:** 212.483.9490 | **F:** 212.483.9129
MDMC-LAW.COM

JOHN W. MORRIS
Direct dial: (973) 425-8839
jmorris@mdmc-law.com

March 25, 2025

<u>By ECF</u>

Honorable Gregory H. Woods, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

      Re:    *Trisura v. Bighorn Construction and Reclamation, LLC*, *et al.*
               USDC SDNY Case No.: 23-cv-11053

Dear Honorable Sir:

      We represent Plaintiff, Trisura Insurance Company ("Trisura") in this action.

      We submit this letter brief in opposition to the motion to extend time (PACER Docket at Document No. 57) by the following ten (10) Defendants against whom Clerk's Certificates of Default have been entered: Bighorn Construction and Reclamation, LLC; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel, LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC ("Bridgelink Engineering"), Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Cord Henry Johnson and Carrie Hamilton ("defaulted Defendants").

      Trisura respectfully requests that to the extent the Court deems the motion to extend time as a motion pursuant to Fed. R. Civ. P. 55(c) to set aside default, that the Court condition setting aside the defaulted Defendants' default by the payment of Trisura's reasonable attorneys' fees and costs as a result of having to file ten affirmations in support of the request for the Clerk to enter ten Certificates of Default, which were entered against all ten defaulted Defendants and the time expended in responding to defaulted Defendants' motion.

## Background

      This is a straightforward action by Trisura to enforce a written Indemnity Agreement against the Defendants. In consideration for Trisura, as surety, issuing construction bonds in the penal sum of $24,465,404.00 guaranteeing, among other things, Defendant Bridgelink Engineering's completion of a solar energy construction contract, the Defendants executed an Indemnity Agreement in favor of Trisura. Notwithstanding Bridgelink Engineering having been terminated under the solar energy construction contract, the Defendant indemnitors have failed and refused to, among other things, defend and indemnify Trisura as required by the Indemnity Agreement. (Compare the Amended Complaint, PACER Document No.: 9, ¶¶ 17- 28, to the purported answer PACER Document No.: 55, ¶¶ 17- 28.)

# McElroy Deutsch

Honorable Gregory H. Woods, U.S.D.J.
March 25, 2024
Page 2

### This Court should condition the setting aside of the defaults upon the Payment of Plaintiff's Attorney Fees and Costs

Trisura does not comment on Vikesh N. Patel, Esq.'s motion for admission in this Court *pro hac vice*. Trisura also does not contest that a purported answer ("answer") that was filed by Mr. Patel without being admitted to this Court on behalf of two Defendants who had not defaulted in appearing at the time the answer was filed. Those two Defendants are Intermountain Electric Service, Inc. and Cole Wade Johnson. However, the other 10 defaulted Defendants Mr. Patel purports to represent have all defaulted in answering the Amended Complaint and Clerk's Certificates of Default were entered against all 10 on February 29, 2024. The 10 defaulted Defendants were served on January 12th (six Defendants), January 16th (two Defendants) and January 25th (two Defendants. (The Clerk's Certificates of Default with dates of service of the Summons and Amended Complaint are contained in the PACER Docket as Document Nos. 39-48.) Calculating from the date of the purported answer on March 20, 2024, Defendants were served 68, 64 and 55 days before Mr. Patel purported to serve an answer on their behalf and all had been defaulted pursuant to Rule 55(a).[1]

While defaulted Defendants have failed to file a motion pursuant to Fed. R. Civ. P. 55(c), we note that such a motion is required to set aside a default: "Setting Aside a Default …. The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). It follows that the defaults against the 10 defaulted Defendants stand and are not cured by an answer purported to have been filed on their behalf. Nor has the "Motion to Extend Time To File an Answer to the Amended Complaint" or Mr. Patel's Declaration in support of the Motion filed March 21, 2024, argued or even suggested that the 10 defaulted Defendants can meet the three factors required with respect to setting aside a default. The Second Circuit has held that in deciding a Rule 55(c) motion, the district courts should consider three factors in determining whether "good cause" exists: "(1) the willfulness of default, (2) the existence of any meritorious defenses and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (*quoting Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)).

In considering whether the defaults were willful the affidavits of service make clear that each defaulted Defendant was properly served and no defaulted Defendant has contested service of process. To find that a default was willful "it is sufficient to conclude that the defendant defaulted deliberately." *Bricklayers*, 779 F.3d at 187 (internal quotation marks omitted). Here, the 10 defaulted Defendants have not denied receiving the Summons and Amended Complaint or claimed they ever timely answered the Amended Complaint before the Clerk's Certificates were entered. Nor do any of the 10 defaulted Defendants proffer any excuse for their non-compliance

---

[1] The allegations as to Mr. Patel's telephone calls to Plaintiff's counsel are inaccurate. While Mr. Patel did contact Plaintiff's counsel for an extension of time to answer, Mr. Patel refused to recognize or ignored that Clerk's Certificates of Default were already entered against the defaulted Defendants.

Honorable Gregory H. Woods, U.S.D.J.
March 25, 2024
Page 3

in timely answering and failure to file a motion to set aside default pursuant to Fed. R. Civ. P. 55(c). *See Guggenheim Capital*, 722 F.3d at 455.

In addition, having failed to move for relief from their defaults, the defaulted Defendants have not argued that they have a meritorious defense, let alone presented some evidence of one. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) (internal citations omitted). "The test of such a defense is measured … [by] whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id*. The defaulted Defendants have failed to even attempt to meet this factor to show that good "cause exists." In any event, we note that the defaulted Defendants' denial of knowledge or information as to their failure to post the collateral demanded by Trisura rings hollow because certainly they could have checked their banking records before their purported answer and should know or have reason to know whether they deposited cash collateral in excess of $10,000,000.00 with Trisura as required by their collective Indemnity Agreement. (Compare PACER Document No.: 9, ¶¶ 28-29 and Exhibits "A" and "C" to the purported answer PACER Document No.: 55, ¶¶ 28-29.)[2]

The final factor for the Court to consider is "[p]rejudice to the nondefaulting party" as a ground for denying a Rule 55(c) motion. See Wright & Miller, Federal Practice and Procedure § 2699 (3d ed. 2010)). Prejudice exists if the Court grants the motion to extend the time to file an answer without requiring a Rule 55(c) motion to vacate the defaults already entered. Were the Court to consider a Rule 55(c) motion, a routine condition that is imposed on the defaulting parties as a condition to vacating their default is the payment of reasonable attorneys' fees and costs incurred as a result of the defaults. *See Puddu v. 6D Global Techs., Inc*., 2020 U.S. Dist. Lexis 95460 at *16-17, 2020 WL 2833852 (S.D.N.Y. May 31, 2020); *Tatintsian ex rel. Shiplink, Inc. v. Vorotyntsev*, 2020 U.S. Dist. Lexis 95537 at * 9-10 (S.D.N.Y June 1, 2020 (imposing fees and costs); *Filo Promotions, Inc. v. Bathtub Gins, Inc*., 311 F. Supp. 3d 645, 647-648 (S.D.N.Y. Apr. 25, 2018) (granting fees and costs).

Accordingly, it is undisputed here that the defaulted Defendants filed their Answer to the Amended Complaint after the Clerk's entry of defaults against them, and without having moved to set aside those defaults pursuant to Fed. R. Civ. P. 55(c). Therefore, Trisura respectfully requests that—to the extent the Court allows such a late filed answer to stand on behalf of the defaulted Defendants—that the Court condition setting aside the defaulted Defendants' default by the payment of reasonable attorneys' fees and costs incurred as a result of their defaults.

---

[2] Trisura further reserves the right to argue that Defendant's defenses fail as a matter of New York law, including without limitation, that Defendant was wrongfully terminated. *See*, *e.g.*, *BIB Constr. Co. v. Fireman's Ins. Co*., 214 A.D.2d 521, 625 N.Y.S.2d 550 (1st Dep't 1995).

# McElroy Deutsch

Honorable Gregory H. Woods, U.S.D.J.
March 25, 2024
Page 4

      Therefore, Trisura respectfully requests that the Court endorse this letter and condition the setting aside of the defaulted Defendants' default upon the payment of Plaintiff Trisura's reasonable attorneys' fees and costs incurred as a result of the defaults.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

*/s/ John W. Morris*

John W. Morris
Dennis O'Neil Cowling

cc: Vikesh N. Patel, Esq. (By ECF)