UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

TRISURA INSURANCE COMPANY,

                          Plaintiff,

-against-

BIGHORN CONSTRUCTION AND RECLAMATION, LLC; BIGHORN INVESTMENTS AND PROPERTIES, LLC; BIGHORN SAND & GRAVEL LLC; BRIDGELINK COMMODITIES LLC; BRIDGELINK ENGINEERING LLC; BRIDGELINK INVESTMENTS, LLC; BRIDGELINK RENEWABLE ENERGY DEVELOPMENT LLC; BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC; INTERMOUNTAIN ELECTRIC SERVICE, INC.; COLE WAYNE JOHNSON; CORD HENRY JOHNSON; *and* CASSIE HAMILTON,

                          Defendants.

**ORDER**

**23-cv-11053 (GHW) (JW)**

------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

      Before this Court is Plaintiff's Motion to Extend Time to Serve Defendants Cole Johnson and Intermountain Electric Service, Inc., Dkt. No. 51, and Defendants' Motion to Extend Time to Answer the Amended Complaint. Dkt. No. 57. In the interest of resolving this dispute on the merits, see, e.g., Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001), and Defense Counsel's request to file an answer on

behalf of all Defendants, Dkt. No. 57 at 1, this Court will also consider whether the certificates of default entered against the timely served Defendants, Dkt. Nos. 39-48, should be vacated. See Pension Ben. Guar. Corp. v. Canadian Imperial Bank of Com., No. 87 CIV. 1046 (MBM), 1989 WL 50171, at *2 (S.D.N.Y. May 8, 1989) ("a motion to file a late answer is closely analogous to a motion to vacate a default").

## BACKGROUND

Plaintiff Trisura Insurance Company ("Plaintiff") commenced this action against Defendants Bighorn Construction and Reclamation, LLC, Bighorn Investments and Properties, LLC, Bighorn Sand & Gravel LLC, Bridgelink Commodities LLC, Bridgelink Engineering LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC, Bridgelink Renewable Energy Investments LLC, Cassie Hamilton, Intermountain Electric Service, Inc., Cole Wayne Johnson, and Cord Henry Johnson ("Defendants") on December 22, 2023, seeking to enforce an indemnification agreement. Dkt. No. 5.

Plaintiff filed an amended complaint on January 10, 2024. Dkt. No. 9. Plaintiff served Defendants Bighorn Construction and Reclamation, LLC, Bighorn Investments and Properties, LLC, Bighorn Sand & Gravel LLC, Bridgelink Commodities LLC, Bridgelink Engineering LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC, Bridgelink Renewable Energy Investments LLC, Cassie Hamilton, and Cord Henry Johnson (the "Timely Served Defendants") by January 25, 2024, but did not serve Defendants Intermountain Electric Service, Inc. and Cole Johnson. Dkt. Nos. 11-27.

On February 29, 2024, clerk's certificates of default were entered against each of the Timely Served Defendants on the grounds that they had not answered the amended complaint. Dkt. Nos. 39-48 (the "Certificates of Default").

Plaintiff served Defendant Intermountain Electric Service, Inc. on February 28, 2024. Dkt. Nos. 49-50. However, Plaintiff's repeated attempts to serve Defendant Cole Johnson were unsuccessful. Dkt. Nos. 52-12, 52-13, 52-14, 52-15, 52-16, 52-17, 52-18.

On March 20, 2024, Attorney Vikesh Navnit Patel ("Defense Counsel") filed a Motion to Appear *pro hac vice* on behalf of all Defendants,[1] and Defendants filed an Answer to the Amended Complaint. Dkt. Nos. 55-56. Defendants filed their Motion to Extend Time to Answer the Amended Complaint the following day. Dkt. No. 57.

## LEGAL STANDARD

### A. Motion to Extend Time to Serve

The Second Circuit has noted that "an extension [for proper service under Fed. R. Civ. P. 4(m)] is always warranted upon a showing of 'good cause,' because the rule commands that an 'appropriate' extension 'shall' be granted upon such a showing." Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). "'To establish good cause, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control.'" Fantozzi v. City of New York, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (quoting

---

[1] While Defense Counsel's *pro hac vice* motion does not mention appearing on behalf of Defendant Cole Wayne Johnson, Dkt. No. 55, the Answer to the Amended Complaint responds on behalf of all Defendants including Cole Wayne Johnson. Dkt. No. 56.

Deptula v. Rosen, 558 F. Supp. 3d 73, 85 (S.D.N.Y. 2021))(internal citation and quotation marks omitted).

B. **Motion to Extend Time to Answer**

"Courts in this Circuit have analyzed a motion to file a late answer under both Federal Rules of Civil Procedure 6(b) and 55(c)." Packard v. City of New York, No. 1:15-CV-07130(ATS)(DA), 2018 WL 2229123, at *1 (S.D.N.Y. Apr. 30, 2018)(collecting cases).

1. **Fed. R. Civ. P. 6(b)**

Pursuant to Fed. R. Civ. P. 6(b), a party requesting an extension "after the time to answer has expired…must file a motion demonstrating that its failure to act was the result of 'excusable neglect.'" Yahoo, Inc. v. Nakchan, No. 08 CIV. 4581 (LTS) (THK), 2011 WL 666678, at *1 (S.D.N.Y. Feb. 22, 2011)(quoting Fed. R. Civ. P. 6(b)(1)(B)). "[T]o establish excusable neglect, the moving party must show both good faith and a reasonable basis for not acting within the specified period." Georgopolous v. Int'l Bhd. of Teamsters, AFL-CIO, 164 F.R.D. 22, 22 (S.D.N.Y. 1995)(internal citations and quotation marks omitted). "Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness[,]" and this standard "is broad enough to encompass even those omissions caused by circumstances within the movant's control." In re Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 135 (2d Cir. 1998)(internal citations omitted). Courts have discretion to "grant an enlargement of time in which to answer[ ]" and have done so where defendants have shown "that [their] failure to answer was reasonable."

Interactive Gift Express, Inc. v. Compuseve Inc., No. 95 CIV. 6871 (BSJ), 1996 WL 420193, at *2 (S.D.N.Y. July 25, 1996).

### 2. Fed. R. Civ. P. 55(c)

Under Fed. R. Civ. P. 55(c), "[a] certificate [of default] may be vacated for good cause." Bank of Am., N.A. v. BK Inner City Chicken, Inc., No. 09 CIV. 6789 (LAK), 2010 WL 1372673, at *1 (S.D.N.Y. Mar. 29, 2010). "In determining whether to set aside a party's [default certificate], the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'… Because there is a 'preference for resolving disputes on the merits,' doubts 'should be resolved in favor of the defaulting party.'" Powerserve Int'l, Inc. v. Lavi, 239 F.3d at 514 (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir.1993)). "A default may be vacated upon a showing that the three factors on balance support relief." Holford USA Ltd., Inc. v. Harvey, 169 F.R.D. 41, 44 (S.D.N.Y. 1996) (citing Grant v. City of New York, 145 F.R.D. 325, 326 (S.D.N.Y.1992)).

Courts may "impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party," and courts have "substantial flexibility in fashioning an appropriate remedy." Filo Promotions, Inc. v. Bathtub Gins, Inc., 311 F. Supp. 3d 645, 647 (S.D.N.Y. 2018)(Woods, J.)(internal citations and quotation marks omitted). "One such condition that is routinely imposed is the requirement that the defaulting party reimburse the plaintiff its reasonable attorneys' fees and costs incurred as a result of the default." Id.

## DISCUSSION

### A. Plaintiff's Motion to Extend Time to Serve

Plaintiff requests an additional ninety days to serve the summons and complaint on Cole Wayne Johnson. Dkt. No. 51.[2] Plaintiff attests that it has attempted "to effect service on Cole Johnson at six different locations over the period from January 12 through March 6, 2024[,]" including at least two in-person service attempts. Dkt. No. 53 at 6. Plaintiff has also submitted several affidavits illustrating its inability to serve Defendant Cole Johnson. See Dkt. Nos. 52-12, 52-13, 52-14, 52-15, 52-16, 52-17, 52-18. These attempts to serve Defendant Cole Johnson at multiple locations and through multiple methods demonstrate that "diligent attempts were made to effect service." Fantozzi v. City of New York, 343 F.R.D. at 27; see also M.C. v. County of Westchester, New York, No. 16-CV-3013 (NSR), 2018 WL 1033241, at *4 (S.D.N.Y. Feb. 21, 2018)(granting an extension of time to serve where plaintiff made "diligent efforts" to serve defendant at multiple locations). This Court finds that Plaintiff's attempts to serve Defendant Johnson show good cause for an extension, Plaintiff's Motion to Extend Time to Serve Defendant Cole Johnson is **GRANTED**.

### B. Defendants' Motion to Extend Time to Answer

Defendants moved for an extension of an additional 14 days to answer the Amended Complaint. Dkt. No. 57 at 2. Defendants filed this motion more than a

---

[2] While Plaintiff's Motion also included a request to extend time to serve Defendant Intermountain Electric Service, Inc. (Dkt. No. 51 at 6), Defendant Intermountain Electric Service, Inc. has since been properly served. Dkt. No. 49-50. Thus, the Court will only address this extension request with respect to Defendant Cole Johnson.

6


month after the Timely Served Defendants were required to answer. See Dkt. Nos. 11-27, 57. As this motion may be analyzed under the standard of Fed. R. Civ. P. 6(b) or Fed. R. Civ. P. 55(c), this Court will address each in turn.

### 1. Excusable Neglect under Fed. R. Civ. P. 6(b)

To contend that their extension should be granted based on excusable neglect, Defendants must "demonstrate both good faith and a reasonable basis for not acting within the specified period." In re Bressler, No. 06-11897 (AJG), 2007 WL 2089739, at *2 (Bankr. S.D.N.Y. July 20, 2007). Defendants contend that their failure to file an answer within the specified time was reasonable because "Defendants' original sought out counsel was not able to handle the matter." Dkt. No. 57 at 2. Defendants attempts to secure counsel demonstrates that their failure to answer was not willful. Defense Counsel also states that he has been in communication with Plaintiff since he was retained on March 19, 2024. Id. While Defendants may have initially been careless in their failure to file a timely answer, Defendants have proffered a reasonable explanation for this failure and have since acted in good faith toward Plaintiff. Defendants have pled more than "mere inadvertence," which "can in some circumstances be enough to constitute excusable neglect." Raymond v. Int'l Bus. Machines Corp., 148 F.3d 63, 66 (2d Cir. 1998)(internal quotations omitted). Moreover, since Plaintiff is still in the process of serving all Defendants, see Section A, supra, Plaintiff will not be unduly prejudiced by this extension.

As the Second Circuit has noted, "[e]xcusable neglect is an 'elastic concept.'" Luo v. Baldwin Union Free Sch. Dist., 677 F. App'x 719, 720 (2d Cir. 2017)(summary

order)(quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993)). Taking into account the flexibility of this standard, as well as the early stage of this case, this Court finds that Defendants have shown excusable neglect.

### 2. Vacatur under Fed. R. Civ. P. 55

Because "Rule 55(c) empowers a court to set aside an entry of default upon a showing of 'good cause[,]'" Packard v. City of New York, 2018 WL 2229123, at *1 (quoting Fed. R. Civ. P. 55(c)), this Court will also consider whether to vacate the defaults entered against the Timely Served Defendants. Dkt. Nos. 39-48. In assessing whether good cause exists to relieve Defendants from the certificates of default and grant Defendants an extension to file their late answer under Fed. R. Civ. P. 55(c), this Court will consider (1) the willfulness of default, (2) the prejudice to the opposing party, and (3) any meritorious defenses presented. Powerserve Int'l, Inc. v. Lavi, 239 F.3d at 514.

First, Defendants contend that their failure to answer was not willful because Defendants sought new counsel after learning that their "original sought out counsel was not able to handle the matter." Dkt. No. 57 at 2. While Plaintiff contends that Defendants' default was deliberate because Defendants were properly served, Dkt. No. 58 at 2, this Court is persuaded that Defendants have proffered some excuse for their failure to timely answer. Second, Plaintiff has not been prejudiced by Defendants' delay in responding to the Amended Complaint at this early stage in the case. Plaintiff has yet to finish serving every Defendant named in this action, see Section A, supra, and the Parties' lawyers have been in communication about

Defendants' extension motion. Dkt. No. 57 at 2, Dkt. No. 58 at 2 n.1. Additionally, Plaintiff "[has] not identified any loss of evidence or concern regarding fraud or collusion that stems from the [defendant's] failure to answer." Packard v. City of New York, 2018 WL 2229123, at *1.

Third, Defendants have raised some potential defenses in their recently filed answer. Dkt. No. 55 at 6-7. Plaintiff contends that Defendants have not presented evidence in support of these defenses. Dkt. No. 58 at 3. However, "the Court must resolve any doubts in favor of the moving party." Yours2u Ltd. v. Blue Phoenix Media Inc., No. 16 CIV. 3620 (DAB), 2017 WL 2562334, at *2 (S.D.N.Y. June 5, 2017). The affirmative defenses pled by Defendant could meet the "low threshold" for sufficiently showing a meritorious defense. Levy v. Nierman, No. 17-CV-4022 (NSR), 2019 WL 147462, at *3 (S.D.N.Y. Jan. 8, 2019). Therefore, this Court finds that on balance these factors favor a finding of good cause.

Finally, "[d]efaults are not favored" under Second Circuit precedent. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). Thus, "'motions to set aside default judgments should be granted liberally[ ]'" in favor of resolving disputes on the merits. Joe Hand Promotions, Inc. v. Kirvens LLC, No. 21-CV-10140 (ALC), 2023 WL 2465629, at *1 (S.D.N.Y. Feb. 17, 2023)(quoting Crawford v. Nails on 7th By Jenny Inc., 18-CV-9849, 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5, 2020) and citing Powerserve Int'l, Inc. v. Lavi, 239 F.3d at 514)). This longstanding principle further favors finding for Defendants under Rule 55(c).

9

Therefore, Defendants' Motion to Extend Time to Answer is **GRANTED**, and the defaults entered against the Timely Served Defendants, Dkt. Nos. 39-48, are **VACATED**.

### C. <u>**Plaintiff's Request for Attorneys' Fees Incurred as a Result of Defaults**</u>

Plaintiff requested that setting aside Defendants' defaults be conditioned on the payment of Plaintiff's reasonable attorneys' fees and costs incurred as a result of the defaults. Dkt. No. 58 at 4. When granting vacatur, courts routinely require "that the defaulting party reimburse the plaintiff its reasonable attorneys' fees and costs incurred as a result of the default." <u>Puddu v. 6D Glob. Techs., Inc.</u>, No. 15-CV-8061 (AJN), 2020 WL 2833852, at *5 (S.D.N.Y. May 31, 2020) (citing <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 52 (E.D.N.Y. 2008)).

This Court notes that as a result of Defendants' failure to file a timely answer in this action, "litigation of this matter has been delayed, and Plaintiff has been forced to expend additional monies on counsel fees. Accordingly, [this] Court finds it appropriate to impose on its vacatur of the default the condition that Defendant pay Plaintiff's reasonable attorneys' fees incurred as a result of its default." <u>Filo Promotions, Inc. v. Bathtub Gins, Inc.</u>, 311 F. Supp. 3d at 649 (Woods, J.). Thus, Plaintiff's request to seek reasonable attorneys' fees for the vacated defaults is **GRANTED**.

### CONCLUSION

Plaintiff's Motion to Extend Time to Serve Defendant Johnson is **GRANTED**. Defendants Motion to Extend Time to Answer the Amended Complaint is

**GRANTED**. Accordingly, Defendants' Answer (Dkt. No. 55) shall be considered timely.

Plaintiff's request for the payment of reasonable attorneys' fees and costs incurred as a result of the defaults is **GRANTED**. The Parties are directed to meet and confer within 7 days of the date of this Order to see if they can reach resolution on reasonable attorneys' fees and costs. If they are unable to do so, Plaintiffs may file a request for such fees and costs with the Court within 14 days of the date of this Order.

**The Clerk of the Court is respectfully requested to close the motions at Dkt. Nos. 51 and 57 as GRANTED herein.**

SO ORDERED.

DATED:   New York, New York
         April 17, 2024

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

11