IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TRISURA INSURANCE COMPANY<br>*Plaintiff*,<br><br>vs.<br><br>BIGHORN CONSTRUCTION AND RECLAMATION, LLC; BIGHORN INVESTMENTS AND PROPERTIES, LLC; BIGHORN SAND & GRAVEL LLC; BRIDGELINK COMMODITIES LLC; BRIDGELINK ENGINEERING LLC; BRIDGELINK INVESTMENTS, LLC; BRIDGELINK RENEWABLE ENERGY DEVELOPMENT LLC; BRIDGELINK RENEWABLE ENERGY INVESTMENTS LLC; INTERMOUNTAIN ELECTRIC SERVICE, INC.; COLE WAYNE JOHNSON CORD HENRY JOHNSON; CASSIE HAMILTON,<br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:23-cv-11053-GHW-JW<br><br>**RESPONSE TO PLAINTIFF'S CERTIFICATION IN SUPPORT OF APPLICATION FOR ATTORNEY'S FEES PURSUANT TO COURT ORDER DATED APRIL 17, 2024** |

Defendants, Bighorn Construction And Reclamation, LLC; Bighorn Investments And Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Intermountain Electric Service, Inc.; Cole Wayne Johnson; Cord Henry Johnson; Cassie Hamilton, (collectively, the "Defendants"), by and through their attorneys Kearney, McWilliams & Davis, PLLC, hereby files this Response to Plaintiff's Certification in Support of Application for Attorney's Fees Pursuant to Court Order Dated April 17, 2024 (the "Response") filed on May 2, 2024 (the "Application"). Defendants respond to the Application as follows:

**I. BACKGROUND FACTS**

1. Plaintiff Trisura Insurance Company ("Plaintiff") commenced this action against Bighorn Construction And Reclamation, LLC, Bighorn Investments And Properties, LLC, Bighorn Sand & Gravel LLC, Bridgelink Commodities LLC, Bridgelink Engineering LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Cole Wayne Johnson, Cord Henry Johnson, and Cassie Hamilton, (collectively, the "Defendants") on December 22, 2023, seeking to enforce an indemnification agreement. Dkt. No. 5.

2. On January 10, 2024, Plaintiff filed an amended complaint and timely served same on Defendants Bighorn Construction And Reclamation, LLC Bighorn Investments And Properties, LLC, Bighorn Sand & Gravel LLC, Bridgelink Commodities LLC, Bridgelink Engineering LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC, Bridgelink Renewable Energy Investments LLC, Cord Henry Johnson, and Cassie Hamilton ("Served Defendants"), but did not serve Defendants Intermountain Electric Service, Inc. and Cole Wayne Johnson. Dkt. Nos. 11-27.

3. On February 29, 2024, Clerk's Certificates of Default were entered against the Served Defendants. Dkt. Nos. 39-48.

4. Defendants filed an Answer to the Amended Complaint on March 20, 2024. Dkt. No. 55. Defendants filed their Motion to Extend Time to Answer the Amended Complaint on March 21, 2024. Dkt. No. 57.

5. On April 17, 2024, the Honorable Jennifer E. Willis entered an Order granting Defendants' Motion to Extend Time to Answer the Amended Complaint, vacating the defaults entered against the Timely Served Defendants, and granting Plaintiff's request for the *payment of*

*reasonable attorney's fees and costs* incurred as a result of the defaults (the "Order"). Dkt. No. 63.

6. The Order directed the Parties to meet and confer within seven (7) days of the date of the Order to reach a resolution on reasonable attorneys' fees and costs. If no resolution was met, Plaintiffs were to file a request for attorneys' fees and costs within fourteen (14) days of the date of the Order.

7. It was not until after seven (7) days from the date of the order, on or around May 1, 2024, the Plaintiff requested payment of attorney fees and upon discussion on May 2, 2024 did Plaintiff provide a breakdown of the demanded payment of $9,904.00.

8. On May 2, 2024, a day after Plaintiff informing Defendants of the demanded payment amount and more than fourteen (14) days after the Order, Plaintiff filed its Application for Attorney Fees. Dkt. No. 66.

## II. PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES SHOULD BE DENIED

9. Pursuant to the Order, the Parties met and conferred to reach a resolution on reasonable attorney's fees and costs on May 2, 2024. Plaintiff first demanded payment of attorneys' fees and costs on May 1, 2024 in the amount of $9,904.00.

10. Defendants are not opposed to paying Plaintiff's attorneys' fees, but these attorneys' fees must be *reasonable* as required by the Order. Based on the provided invoice only time entries up until February 29, 2024 should be included because only that work was "incurred as a result of the default." Dkt. No. 63.

11. Based on the provided invoice from Plaintiff the amount of fees incurred for work done that would relate to the default is the work done from February 28, 2024 to February 29, 2024, which amounts to $2,391.00. **Exhibit A.** Much of which are time entries that reflect similar

3

work but the only difference is the name of the Defendant and corresponding information on the document.

12. The conference did not result in a resolution as Defendants did not find Plaintiff's requested attorneys' fees to be reasonable in which Defendants were willing to pay close to half of the demanded amount, more than the actual incurred fees of the Plaintiff. **Exhibit B.**

13. On May 2, 2024, Plaintiff filed the Application requesting $9,904.00 in reasonable attorneys' fees. Dkt. No. 66

14. Plaintiff's requested attorneys' fees are not reasonable. The itemized fees are clearly unreasonable because of the request for fees unrelated to the default and the fact that much of the work billed for is duplicative in nature. **Exhibit A.**

15. Plaintiff claims that between February 28, 2024 and February 29, 2024, $966.00 in attorneys' fees were incurred for drafting and revising proposed Clerk's Certificate of Default for each Defendant. **Exhibit A** highlighted in yellow for identification**.**

16. It is unreasonable to request nearly $1,000.00 in attorneys' fees when the work required to draft such documents only involves changing names and document numbers. Defendants find it hard to believe that making such minimal alterations between the Clerk's Certificate of Default for each Defendant would take more than a few minutes of Plaintiff Counsel's time.

17. Plaintiff claims that on February 29, 2024, two (2) hours were spent drafting and revising docketing information in conjunction with proposed Certificate of Default against Defendants. These two (2) hours spent drafting and revising docketing information total $460.00 in attorneys' fees. **Exhibit A** highlighted in green for identification.

18. Once again duplicative and unreasonable as it is unlikely that it took more than a few minutes of Plaintiff Counsel's time to draft and revise the docketing information for ten (10) of the twelve (12) Defendants.

19. Finally, Plaintiff Counsel entered an hour of time, totaling $230.00 in attorneys' fees, for reviewing the Certificates of Default entered against ten (10) of the twelve (12) Defendants. **Exhibit A** highlighted in pink for identification.

20. Each Certificate of Default was less than two pages in length, and all were drafted by Plaintiff Counsel.  It simply does not take an hour to review less than 20 pages of documents, where it is duplicative in nature.  Thus, these attorneys' fees are unreasonable and should be denied.

21. Accordingly, Defendants request that Plaintiff's Application be denied as to all unreasonable attorneys' fees shown in Exhibit A and be awarded in a reasonable amount, no more than the actual cost of $2,391.00.

22. Finally, the Order required Plaintiff to file a request for attorneys' fees and costs within fourteen (14) days of the date of the Order.  Dkt. No. 66.  The Order was entered on April 17. 2024.  Plaintiff did not file its Application until May 2, 2024, which is fifteen (15) days after the date of the Order.  Therefore, Plaintiff's Application was not timely and should be denied.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Bighorn Construction And Reclamation, LLC, Bighorn Investments And Properties, LLC, Bighorn Sand & Gravel LLC, Bridgelink Commodities LLC, Bridgelink Engineering LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Cole Wayne Johnson, Cord Henry Johnson, and Cassie Hamilton respectfully request this Honorable Court to deny Plaintiff Trisura Insurance Company's

Certification in Support of Application for Attorney's Fees Pursuant to Court Order Dated April 17, 2024 and grant Plaintiff's reasonable attorney's fees and costs in an amount no greater than $2,391.00. Defendants further respectfully request that this Court grant all such other and further relief, both special and general, at law and in equity, including attorneys' fees and costs incurred in preparing this Response, to which Defendants may show itself justly entitled due to Plaintiff's failure to present the attorneys' fees and costs in a timely manner and reasonable request of the same.

Dated: May 8, 2024

                                                KEARNEY, MCWILLIAMS & DAVIS

                                                By: /s/Vikesh N. Patel
                                                      Vikesh N. Patel
                                                      NYSBN: 6061386
                                                      TXSBN: 24124350
                                                      vpatel@kmd.law
                                                      55 Waugh Drive, Suite 150
                                                      Houston, TX 77007
                                                      Tel: (713) 736-9620 x108
                                                      Fax: (713) 999-5287
                                                      *Attorney for Defendants*
                                                      *Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of May 2024, a true and correct copy of the foregoing instrument was served on all parties and counsel of record in accordance with the Rules of Civil Procedure.

*/s/Vikesh N. Patel*
Vikesh N. Patel