```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
TRISURA INSURANCE COMPANY,                                         :
                                                                   :
                    Plaintiff,                                     :     1:23-cv-11053-GHW-JW
                                                                   :
            -v-                                                    :     ORDER
                                                                   :
BIGHORN CONSTRUCTION AND                                           :
RECLAMATION, LLC, *et al.*,                                        :
                                                                   :
                    Defendants/                                    :
                    Third-Party Plaintiffs,                        :
            -v-                                                    :
                                                                   :
HECATE ENERGY, LLC, *et al.*,                                      :
                                                                   :
                    Third-Party Defendants                         :
                                                                   :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On September 16, 2024, Third-Party Plaintiffs filed a third-party complaint asserting claims against third-party defendants Hecate Energy, LLC ("Hecate"), Jicarilla Solar 1 LLC and Repsol Renewables Development Company, LLC. Dkt. No. 85. On December 4, 2024, Hecate filed a motion to dismiss the claims against it. Dkt. Nos. 115 (notice of motion); 116 (memorandum of law). Third-Party Plaintiffs' opposition to the motion was due on January 6, 2024. *See* Dkt. No. 112. Third-Party Plaintiffs did not file an opposition to Hecate's motion to dismiss.

Instead, on January 15, 2025, Third-Party Plaintiffs filed a motion to dismiss their claims against Hecate without prejudice. Dkt. No. 125 (the "Motion"). The substance of their motion is contained in a single sentence: "Pursuant to Fed. R. Civ. Proc. Rule 41, Third-Party Plaintiffs hereby moves [sic] for the Voluntary Dismissal of the above-entitled action without prejudice against Hecate." Motion at 1. The authors of the Motion chose not to identify which section of Rule 41 provided for the requested relief—Rule 41(a)(1) or Rule 41(a)(2)—using instead a broad

reference to the entirety of the rule. No opposition to the Motion has been filed.

Because Hecate has not filed an answer or a motion for summary judgment, many courts in this Circuit would permit Third-Party Plaintiffs to stipulate to the dismissal of their claims against Hecate pursuant to Rule 41(a)(1)(A)(i). *See, e.g., Azkour v. Haouzi*, 2013 WL 3972462, at *3 (S.D.N.Y. 2013) (Sullivan, J.) (holding that "the Court joins other courts in this Circuit in interpreting Rule 41(a)(1)(A) as permitting the withdrawal of individual claims"). Dismissal pursuant to that section of Rule 41 would require neither a motion nor a court order to be effective.

In any event, construed as a motion to dismiss the case pursuant to Rule 41(a)(2), the Court sees no reason to deny Third-Party Plaintiffs the relief requested in the Motion. In *Camilli v. Grimes*, 436 F.3d 120 (2d Cir. 2006), the Second Circuit explained that two lines of authority have developed regarding when dismissal without prejudice under Rule 41(a)(2) might be improper:

> One line indicates that such a dismissal would be improper if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Id.* at 123 (internal quotation marks and citations omitted). The *Zagano* factors "are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

The Court finds that dismissal without prejudice is not improper under either line of authority. The Court is unable to identify a risk of legal prejudice other than the prospect of a second lawsuit that Hecate might suffer by dismissing the action without prejudice.

The *Zagano* factors also weigh in favor of dismissing the action. The Motion was brought less than four months after the third-party complaint against Hecate was filed. The Motion was filed

in lieu of a response to Hecate's motion to dismiss, which supports the conclusion that Third-Party Plaintiffs have not acted vexatiously. Apart from Hecate's motion to dismiss and the short Motion, no substantive progress toward trial of the claims against Hecate has been achieved. Third-Party Plaintiffs have not troubled themselves to provide any reason for their request to dismiss their claims against Hecate. However, even in the absence of that rationale or a basis upon which to conclude that there is little risk of duplicative litigation, the Court can and does conclude that the other *Zagano* factors weigh in favor of granting the Motion to dismiss. The fact that Hecate does not oppose the Motion supports this conclusion. So too does the fact that many courts in this Circuit would hold that Third-Party Plaintiffs could have achieved the same result by stipulation under Rule 41(a)(1)(A)(i). Accordingly, the Court grants Third-Party Plaintiffs' request for dismissal of their third-party claims against Hecate without prejudice. Because the claims against Hecate have been dismissed, Hecate's pending motion to dismiss is denied as moot.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 115 and 125 and to remove third-party defendant Hecate Energy, LLC from the caption of this case.

SO ORDERED.

Dated: May 20, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3