**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
TRISURA INSURANCE COMPANY,

                          Plaintiff,                        **ORDER**

                    -against-                      **23-CV-11053 (GHW) (JW)**

BIGHORN CONSTRUCTION AND
RECLAMATION, LLC, *et al.*,

                          Defendants.
-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On January 10, 2024, Plaintiff Trisura Insurance Company ("Plaintiff") filed an amended complaint. Dkt. No. 9. On March 20, 2024, Defendants Bighorn Construction And Reclamation, LLC, Bighorn Investments And Properties, LLC, Bighorn Sand & Gravel LLC, Bridgelink Commodities LLC, Bridgelink Engineering LLC, Bridgelink Investments, LLC, Bridgelink Renewable Energy Development LLC, Bridgelink Renewable Energy Investments LLC, Intermountain Electric Service, Inc., Cole Wayne Johnson, Cord Henry Johnson, and Cassie Hamilton, (collectively, the "Defendants") filed an answer to Plaintiff's amended complaint. Dkt. No. 55.

On or about September 17, 2024, almost six months after filing their answer, Defendants filed counterclaims against Plaintiff.[1] Dkt. Nos. 82–85. Plaintiff then filed a letter requesting the Court set a briefing schedule for a motion to deny,

---

[1] Defendants initially filed their counterclaims on September 13, 2024. See Dkt. No. 82. However, that filing was marked deficient by docketing services and was not perfected until the September 17, 2024 filing.

dismiss, or strike Defendants' counterclaims. Dkt. No. 86. This Court granted that request. Dkt. No. 107. Accordingly, on January 1, 2025, Plaintiff filed a motion to deny, dismiss, or strike Defendants' counterclaims. Dkt. Nos. 123–24. On February 14, 2025, Defendants filed an opposition to Plaintiff's motion and in the alternative requested leave to amend their answer. Dkt. No. 129. Shortly thereafter, Plaintiff filed a reply in support of their motion. Dkt. No. 131.

Given the specific circumstances of this dispute, this Court construes the Parties dispute to be a motion for leave to amend rather than one for dismissal. Accordingly, for the reasons stated below, Defendants' request for leave to amend is **DENIED**.

### A.   Legal Standard

"As to procedure for presenting a new counterclaim, most attempts to amend an answer to include a new counterclaim require permission of the court or consent of the parties." GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 100 (2d Cir. 2019) (citing Fed. R. Civ. P. 15(a)(2)). "The only exceptions occur when a counterclaimant seeks to amend its answer within 21 days after serving its original answer or within 21 days after service upon it of (1) a required responsive pleading, e.g., an answer to a counterclaim, or (2) a motion under Rule 12(b), (e), and (f)." Id. (internal citations omitted). "And attempts to amend an answer to include a new counterclaim after an amended complaint that requires a response has been filed must be made within 14 days after service of the amended complaint." Id. at 100–01 (citing Fed. R. Civ. P. 15(a)(3)).

B.   **Rule 15**

Defendants filed an answer to the complaint on March 20, 2024. Thus, under Rule 15, Defendants could have amended their answer as a matter of course up until April 10, 2024. Defendants filed their amended answer asserting counterclaims on September 17, 2024, several months after the deadline to do so as a matter of course. Therefore, such amendment is only permitted by consent of the Parties or leave of the Court.

C.   **By Consent of the Parties**

On May 10, 2024, in accordance with this Court's individual rules, the Parties submitted a proposed case management plan for the Court's review. Dkt. No. 68. On May 16, 2024, this Court held an initial case management conference in this matter.[2] This Court did not endorse the proposed case management plan but instead, immediately after the conference, entered an order listing the Parties' discovery deadlines. Dkt. No. 73. The Parties disagree on whether they consented to Defendants amending their answer to add counterclaims.

---

[2] A review of the transcript of the initial case management conference reveals that the word "counterclaim" was mentioned one time by Defendant's counsel when stating the following:

> Secondly, with regard to [] early motions for summary judgment. Obviously, I understand plaintiffs idea that they are contractually entitled to the indemnification. However, if there's a counterclaim for [] wrongful handling of the bond claim that's going to become particularly relevant as to that summary judgment. So we would encourage at least some uh, sometimes that uh, at into the discovery period before it would be appropriate for [plaintiff] to move for summary judgment.

3

Defendants argue that their amendment of the answer to include counterclaims was appropriately filed with Plaintiffs consent. Dkt. No. 129 at 3–4. To support their argument, Defendants point to question eight of the Parties' proposed case management plan as evidence of Plaintiff's consent to Defendants amending their answer to add counterclaims. Id. Question number eight of the proposed case management plan reads as follows:

Amendments to Pleadings:

    a. Are there any amendments to pleadings anticipated? Yes.

    b. Last date to amend the Complaint: Plaintiff proposes sixty days prior to the end of discovery.

Dkt. No. 68 at 4. Defendants acknowledge that this Court's scheduling order was "silent as to Defendants' deadline, requirements, or right to file an amended pleading." Dkt. No. 129 at 6.

Plaintiff contests that the Parties answering "yes" to the question of whether amendments to pleading were anticipated provided consent to Defendants amending their answer to assert counterclaims. Dkt. No. 131 at 6. Instead, Plaintiff states it was "simply an acknowledgment that amendments to pleadings were anticipated." Id.

Plaintiff asserts that because this Court entered a scheduling order, the proposed case management plan was not the governing document, and it did not "modify this Court's scheduling Order…." Dkt. No. 131 at 5–6. Plaintiff also asserts that "this Court's scheduling Order made no provision for amending Defendants' Answer to assert counterclaims." Dkt. No. 124 at 6.

4

It is not unequivocally clear that, by the Parties answering yes to question number eight, Plaintiff consented to Defendants amending their answer to add counterclaims. Absent unequivocal consent by the Parties, this Court cannot overrule Plaintiff's contention that it did not consent to Defendants amending their answer to add counterclaims. Consequently, Defendants did not have Plaintiff's consent to amend their answer under Rule 15(a)(2). See Fed. R. Civ. P. 15(a)(2).

### D.    By Leave of the Court

Because Defendants lack Plaintiff's consent to amend their answer to add counterclaims, they may only do so with leave of the Court. See GEOMC Co., 918 F.3d at 100; Fed. R. Civ. P. 15(a)(2). Defendants request that in the event this Court finds there was no consent, they be granted leave to amend. Dkt. No. 129 at 7. To support their request for leave to amend, Defendants state that this case "has yet to undergo meaningful discovery," "there is no evidence of bad faith," and their "counterclaims do[] not result in any undue prejudice to [Plaintiff]." Id.

Plaintiff argues that Defendants improperly seek leave to amend under Rule 15 and should instead be required to show good cause to amend this Court's scheduling order under Rule 16. Dkt. No. 131 at 6–7. Plaintiff then argues that because Defendants move to amend under the wrong rule, their request should be denied. Id.

Discussed above and acknowledged by both Parties, this Court's scheduling order is silent as to Defendants right to amend and deadline to amend their answer. See Dkt. No. 73. Even if Defendants incorrectly assumed the deadline to amend their

5

answer was the same as the deadline for Plaintiff to amend its complaint, that deadline of September 13, 2024 has since passed. See id. Therefore, at this time, the appropriate request is to seek leave to amend rather than a modification of the scheduling order.

Pursuant to Rule 15, the court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, leave to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure, or undue prejudice. See United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016).

Here, Defendants amended their answer to add counterclaims under the incorrect assumption that Plaintiff's consented and without leave of the Court approximately six months after their initial answer and approximately four months after discovery commenced. Even if Defendants were not acting in bad faith but genuinely unsure of their ability or timeline to amend, their assumption that they could amend without leave of the Court was not warranted. The sub-question Defendants rely on in the proposed case management plan is immediately followed by another sub-question focusing solely on amendments to the complaint and makes no mention of Defendants' answer. See Dkt. No. 68. Moreover, this Court entered a scheduling order that served as the governing document for deadlines in this matter. Dkt. No. 73. This Court's scheduling order, as Defendants note, was similarly silent regarding Defendants' last date to amend their answer, but expressly mentioned Plaintiff's last date to amend its complaint. See id.

Notably, Defendants did not subsequently seek clarity on whether they could amend their answer before a certain date. If Defendants were unsure of their ability to amend or the timeline to amend their answer, they should have sought clarity from this Court by filing a letter motion. Defendants failed to do so. Therefore, the Court finds undue delay because Defendants did not file as of right under Rule 15, incorrectly assumed they had Plaintiff's consent to amend after the Rule 15 deadline, and failed to seek clarity for several months on whether this Court's scheduling order somehow gave them permission to amend. Accordingly, Defendants' request for leave to amend their answer to add counterclaims is **DENIED**.

Lastly, this Court cautions Defendants about making misrepresentations in their filings. Quoted above, Defendants clearly acknowledge that this Court's scheduling order was "silent as to Defendants' deadline, requirements, or right to file an amended pleading." Dkt. No. 129 at 6. Yet, astonishingly, paragraph 18 of their amended answer asserting such counterclaims states, "[i]n its Scheduling Order, the Court granted Defendants a time frame in which to file these Counterclaims." Dkt. No. 85. This Court did no such thing.

**The Clerk of Court is respectfully requested to remove Defendants' counterclaims from the docket and close Dkt. No. 123.**

SO ORDERED.

DATED:   New York, New York
         July 14, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge