# KEARNEY MCWILLIAMS & DAVIS

## ATTORNEYS AT LAW

**Denver:** 1625 Broadway, Suite 2950, Denver, CO 80202
**Dallas-Fort Worth:** 1235 South Main, Suite 280, Grapevine, TX 76051
**Houston:** 55 Waugh, Suite 150, Houston, TX 77007
**San Antonio:** 40 N.E. Loop 410, Suite 431, San Antonio, Texas 78216
**Wyoming:** 110 S. Gould St., 2nd Floor, Sheridan, WY 82801

**Phone:** (713) 936-9620 • (720) 863-4012 • (210) 890-4684
**Fax:** (713) 936-9621
www.KMD.law
admin@kmd.law

**September 22, 2025**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/2025
```

**MEMORANDUM ENDORSED**

By PACER ECF

Honorable Gregory H. Woods, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

  Re: *Trisura Insurance Company v. Bighorn Construction & Reclamation, LLC, et al.* USDC SDNY Case No. 1:23-cv-11053-GHW-JW; Letter Motion Request to Compel to Propounded Discovery.

Dear Honorable Sir:

  The undersigned represents Defendants, Bighorn Construction And Reclamation, LLC[1]; Bighorn Investments and Properties, LLC; Bighorn Sand & Gravel LLC; Bridgelink Commodities LLC; Bridgelink Engineering LLC; Bridgelink Investments, LLC; Bridgelink Renewable Energy Development LLC; Bridgelink Renewable Energy Investments LLC; Intermountain Electric Service, Inc.; Cole Wayne Johnson; Cord Henry Johnson; Cassie Hamilton, (collectively, the "Defendants") in the instant lawsuit filed by Trisura Insurance Company ("Plaintiff"). This letter is in response to the Court's August 28, 2025, Order denying Defendants' letter-motion to compel discovery, *see* Dkt. No. 145, and to address certain discovery disputes at issue in this matter. We thank the Court for its consideration of this correspondence

  On July 25, 2025, and in accordance with the Court's preferred practices regarding discovery disputes, Defendants submitted a letter-motion to compel discovery, *see* Dkt. No. 140. The basis of the letter-motion was quite simple: Plaintiff had abused the discovery process and had failed to provide meaningful responses to Defendants' timely propounded discovery requests. Particularly, and of chief concern, Plaintiff had not produced its records ("Claims File") regarding the issuance of funds in response to Repsol Renewables Development Company, LLC's

---

[1] On June 7, 2024, Bighorn Construction and Reclamation, LLC filed its Chapter 7 bankruptcy petition, bearing Case No. 24-42003-7, pending before the U.S. Bankruptcy Court for the Northern District of Texas.

1 | P a g e

KEARNEY, MCWILLIAMS & DAVIS

("Repsol") demand on the surety bonds ("Bonds") at issue in this lawsuit (Defendants' Request for Production No. 30).

The Claims File is of critical importance to the just and efficient resolution of this matter. As this Court is aware, Plaintiff, an insurance company, maintains a comprehensive record documenting all information related to a policyholder's claim from its initial filing to its resolution. Here, the records at issue (the Claims File) relate to payment from Plaintiff to Repsol in response to Repsol's demand on the Bonds. The Claims File is critical as it will shed light on why Plaintiff paid Repsol on the Bonds it now seeks recovery on from Defendants to the tune of $19,539,213.79. Does Plaintiff not have a Claims File? Did it pay out $19,539,213.79 without any (or minimal) due diligence into Repsol's demand? What does Plaintiff not want Defendants to see? Defendants have a right to this information. Plaintiff has not produced the Claims File, despite Defendants' numerous requests, and now makes a mockery of the discovery process.

As set forth in Defendants' letter-motion to compel discovery, *see* Dkt. No. 140, Defendant served its Request for Production upon Plaintiff on June 14, 2024. This was timely under the parties' Case Management Plan, *see* Dkt. No. 73. To date, more than a year later, Plaintiff has still not produced the Claims File, and continues to refuse to do so, relying upon the Court's denial of Defendants' letter-motion, *see* Dkt. No. 145, and because fact discovery is now closed under the parties Case Management Plan, *see* Dkt. No. 73. Defendants take issue with this position as Defendants are not asking that fact discovery be re-opened; simply, Defendants are asking that Plaintiff be required to respond and produce documents (namely, the Claims File) in response to Defendants' timely served discovery requests, so that this matter can be disposed of on its merits. Indeed, the sole reason that the Claims File was not produced prior to closure of the discovery period was that Plaintiff engaged in delay tactics for literally more than a year and now refuses to produce the Claims File—seemingly blaming Defendants for Plaintiff's wrongful tactics and refusal to comply with the Case Management Plan. This case should not be disposed of at the summary judgment phase based wholly upon Plaintiff's abject refusal to produce documentation that may cut against its claims.

Accordingly, to allow this matter to proceed on its merits, Defendants request that the Court reconsider its prior order, overrule Plaintiff's objections to Defendants' discovery requests, and order Plaintiff to produce the Claims File in this Letter Motion.

Sincerely,

KEARNEY, MCWILLIAMS & DAVIS, PLLC

*/s/ Vikesh N. Patel*
Vikesh N. Patel
vpatel@kmd.law
Stacey L. Barnes
sbarnes@kmd.law
55 Waugh Drive, Suite 150

**KEARNEY, MCWILLIAMS & DAVIS**

Houston, TX 77007<br>
Tel: (713) 736-9620 x108<br>
Fax: (832) 916-2751<br>
*Attorney for Defendants*

cc by PACER:
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
*Attorneys for Plaintiff*

Application denied without prejudice.  This case is referred to Judge Willis for general pretrial matters, including the supervision of discovery.  The August 28, 2025 order, Dkt. No. 145, which is the subject of the Defendant's request was issued by Judge Willis.  Any application regarding the reconsideration of that order, or discovery matters generally, should be directed to Judge Willis.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 148.

SO ORDERED.

Dated: September 23, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge